WILLIAM REITER, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT, v. MAX MARX COLOR & CHEMICAL CO., DEFENDANT-RESPONDENT AND CROSS-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 12, 1963—Decided February 14, 1964.

Before Judges GAULKIN, FOLEY and LEWIS.

*Mr. Francis Sorin* argued the cause for plaintiff.

*Mr. H. Curtis Meanor* argued the cause for defendant (*Messrs. Lamb, Blake, Hutchinson & Dunne,* attorneys).

The opinion of the court was delivered by

GAULKIN, S. J. A. D.  Following the decision of the Supreme Court of the previous appeal in this case, reported in 35 *N. J.* 37 (1961), affirming 67 *N. J. Super.* 410 (*App. Div.* 1960), the case was tried again. The jury brought in a verdict of no cause for action, and plaintiff appeals from the resulting judgment.

The facts developed at the second trial were, with few exceptions, substantially the same as those recited in the two opinions above mentioned, and therefore need not be restated. The appeal is grounded principally upon alleged errors in the charge.

The court charged the jury that "the first issue is * * * whether the plaintiff at the time of his use of the ladder in question was an invitee or a licensee." Then, after defining licensee and invitee and stating the owner's duty to each, the court said:

"Where an occupier of lands engages an independent contractor to do work upon his premises, an employee of said contractor, while executing any part of the work provided for by said contract, is on the premises presumably by request of said owner and would be considered an invitee, provided, however, that the occupier, in this case the defendant, knew or reasonably should have known or expected that said ladder would or might be used in the performance of the work required under this contract.

As there is no claim or evidence of any wilful or wanton acts of injury or hidden traps, if you determine that the plaintiff was a licensee and not an invitee, the plaintiff would not be entitled to a verdict and that would dispose of the case.

*       *       *       *       *       *       *       *

If you find that the defendant or its agents or servants did not know or in the exercise of reasonable care could not be expected to

realize that plaintiff would descend into the interior of the tank in question, then you are to find that the plaintiff exceeded the scope of his invitation to use the premises of the defendant and you are to return a verdict in favor of the defendant of no cause for action."

The trial judge gave this charge because he interpreted the opinions of the Supreme Court and the Appellate Division, above mentioned, as requiring him to do so. In justice to the trial judge, it must be acknowledged that the opinions are ambiguous. We think that those opinions do not support the charge, and that it was prejudicially erroneous.

It must be remembered that the Supreme Court and the Appellate Division were dealing with a case which had been dismissed when plaintiff rested. On the assumption that the defendant would introduce evidence in support of its assertion that the plaintiff was a licensee at the time he was injured, the Supreme Court said that the issue of invitation and its scope would then be for the jury. However, the defendant offered no such evidence in the instant case.

Reiter was unquestionably an invitee upon defendant's premises. The only question was whether that invitation extended to the inside of the tank. There was no express invitation to enter the tank, nor did defendant have actual knowledge that any workman would do so. The question was, therefore, whether there was what the Supreme Court called "an implied invitation * * * by defendant to Cohen's workmen to go inside and to the bottom of the tank as an incident of the repair work."

Whether there was such an implied invitation depended not on what defendant knew or reasonably should have known, but on what defendant gave Reiter just reason to believe. *Handleman v. Cox*, 39 *N. J.* 95, 110 (1963); *Cahill v. Mundet Cork Corp.*, 70 *N. J. Super.* 410, 414–417 (*App. Div.* 1961); *Williams v. Morristown Memorial Hospital*, 59 *N. J. Super.* 384, 390 (*App. Div.* 1960); *Gudneslud v. Seaboard Coal Dock Co.*, 27 *N. J. Super.* 227, 237 (*App. Div.* 1953), reversed, but only on the facts, in 15 *N. J.* 210 (1954); *Flanigan v. Madison Plaza Grill, Inc.*, 129 *N. J. L.*

419, 420 (*Sup. Ct.* 1943); *MacDonough v. F. W. Woolworth Co.*, 91 *N. J. L.* 677, 679 (*E. & A.* 1917); *Funey v. New York Central and Hudson River Railroad Company*, 67 *N. J. L.* 270, 275 (*E. & A.* 1901); *Prosser, Torts* (*2d ed.* 1955), § 78, *p.* 458; *Restatement, Torts 2d* § 332 (1960).

The evidence was undisputed that the job for which defendant had hired Reiter's employer required entry into the tank. Therefore, such entry was within the scope of the invitation, whether defendant knew the tank had to be entered or not. The tank was about 16 feet high and was entered through a trap door at the top. The pipe on which Reiter was to work was at the bottom of the tank. The ladder was fastened to the side of the tank below the trap door—obviously to be used to get to the bottom—and there was no way of getting to the bottom except by means of a ladder. It seems to us undisputable, on the record before us, that Reiter was on the ladder as an invitee.

Although it does not appear that plaintiff asked for a peremptory instruction that he was an invitee, the quoted charge was objected to.

The charge was erroneous because it made the question of invitation hinge on whether the defendant knew or should have known that the worker would enter the tank. The true test is whether the owner knew or should have known of the existence of facts which gave the visitor reasonable grounds to believe that he was invited to the area in which he was hurt. In the case at bar, defendant did know those "facts," for they consisted of the contract which defendant had signed with Reiter's employer. That defendant did not know the contract entailed entry into the tank is immaterial. Reiter entered the tank pursuant to his employer's orders, given by virtue of the contract; he used the ladder because it was obviously intended to be used for access to the bottom of the tank; and therefore he was an invitee when he fell.

Defendant consequently owed to Reiter the duty of ordinary care. On the issue of whether defendant exercised that care, defendant's actual or constructive knowledge of the

need for entry into the tank, and of the presence and the condition of the ladder, were pertinent, but not on the issue of whether plaintiff was an invitee.

■ As bearing on the issue of negligence, there was, as we have said, no proof of actual knowledge of those facts, but there was evidence that defendant had owned the property since 1917; that the ladder was of wood and rotted; that no work had been done on the tank for about 10 years prior to the accident (which happened in 1958), but that in 1949 a leak in the tank itself had been repaired; and that the tank was in constant and active use. As the Supreme Court said in its opinion, at *page* 41 of 35 *N. J.*, this is a case in which "an inference of want of due care in the maintenance of the ladder can be drawn by the jury whether the legal issue is dealt with in terms of inference of negligence or as one where the doctrine of *res ipsa loquitur* is applicable."

■ Defendant argues that the trial court should not have struck out the defense of contributory negligence. Since the case must be tried again, we think we should pass on this point. We hold that, on the record before us, it was not prejudicial error to strike out the defense of contributory negligence. There was no evidence of contributory negligence other than that it was dark inside the tank and that the ladder was "slimy." That was not enough to support the defense of contributory negligence. Of course, defendant is at liberty to introduce additional evidence of contributory negligence at the new trial, if it can.

One of the plaintiff's grounds of appeal is the introduction of evidence of his receipt of workmen's compensation. This evidence was admitted on the authority of *Perry v. Public Service Coordinated Transport,* 136 *N. J. L.* 398 (*Sup. Ct.* 1947). After the trial of this case, we decided *Clark v. Piccillo,* 75 *N. J. Super.* 123 (*App. Div.* 1962). Since the new trial will be governed by *Clark,* we need discuss the point no further.

We find it unnecessary to pass on the other questions raised in this appeal.

The judgment is reversed.